# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| CAROL WILKERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAXWAY DEPT. STORE, )<br>)<br>Defendant. ) | Case No. CV609-071 |

## REPORT AND RECOMMENDATION

Carol Wilkerson, a repeat filer in this Court,[1] brings this "Privacy Act of 1974" case. Doc. 1. Accused of shoplifting by three

---

[1] *See Wilkerson v. Statesboro Finance Co.*, No. CV609-069 (S.D. Ga. filed Sept. 22, 2009) (upset with a car loan, the lender and its collection agency, plaintiff alleges a violation of the Privacy Act of 1974; in a companion Order, the undersigned recommends that this case be dismissed with prejudice as frivolous); *Wilkerson v. H&S Lee, Inc.*, No. CV609-033, doc. 9 (S.D. Ga. dismissed June 16, 2009) (employment discrimination case dismissed without prejudice on administrative non-exhaustion grounds); *Wilkerson v. EEOC*, No. CV606-034, doc. 8 (S.D. Ga. dismissed June 16, 2009) (Freedom of Information Act case against EEOC dismissed without prejudice on administrative non-exhaustion grounds); *Wilkerson v. Bulloch County Sheriff's Dep't*, No. CV605-106, doc. 12 (S.D. Ga. dismissed Apr. 12, 2006) (rejecting under *Heck v. Humphrey*, 512 U.S 477 (1994), then inmate-Wilkerson's 42 U.S.C. § 1983-based, "false imprisonment" case because she failed to state a claim); and *Wilkerson v. Grinnell Corp.*, No. CV699-133, doc. 44 (S.D. Ga. dismissed Apr. 16, 2005) (summary judgment, merits dismissal of employment discrimination claims, including one for a "sex-based hostile environment").

police officers acting upon a retailer's complaint, "the officer said I had to sign a criminal trespass statues [sic]. And that I wasn't allowed back in Maxway. . . . Maxway is in violation of Plaintiff[']s strict and civil rights pursuant to the Privacy Act of 1974 by having plaintiff Carol Wilkerson to sign [sic] a criminal trespass statute [sic]." *Id.* at 4-5.

Swearing under oath that she last worked as a self-employed house cleaner on "10-20-08," she seeks leave to proceed in forma pauperis (IFP). Doc. 2.[2] The Court **GRANTS** the motion. But when a litigant proceeds IFP, 28 U.S.C. § 1915(e)(2)(B) authorizes the Court to dismiss her complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An

---

[2] In a lawsuit filed some two weeks earlier, she has also moved for IFP status, except that she claimed that she last worked as a self-employed house cleaner on "4-20-09." *Wilkerson v. Statesboro Fin. Co.,* No. CV609-071, doc. 2 (S.D. Ga. filed Sept. 22, 2009). The Court does not tolerate lying under oath. *See United States v. Dickerson,* No. CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (indictment charging inmate with violating 18 U.S.C. § 1623(a) by knowingly lying under oath in a § 2255 motion that he was not present during his 2006 criminal trial during jury selection); *id.,* doc. 47 (guilty verdict).

action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[3]

Wilkerson's allegations, even construed liberally, are simply nonsensical. Whatever it is that plaintiff is trying to allege here, it does *not* state a Privacy Act claim. For starters, there are various provisions of the Act which govern things like government record-keeping, disclosure of government records, and the interception of

---

[3] Pro se pleadings are held "to a less stringent standard than pleadings drafted by an attorney." *Hall v. Sec'y for Dep't of Corr.*, 304 F. App'x 848, 849 (11th Cir. 2008) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Fed. R. Civ. P. 8. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). That is, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1964-65). Thus, while specific facts are not necessary under the notice pleading standard, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), a plaintiff must herself allege a non-conclusory claim showing that she is entitled to relief. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). The Court cannot simply "fill in the blanks" to infer a claim. *See Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D. Ga. Feb. 18, 2009) (unpublished) ("judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)).

private communications.[4] Wilkerson does not even hint at what provision supports her claim here. She seems to advert to personal records she believes to be maintained by the U.S. Department of Justice. Doc. 1 at 3. In that respect,

> [t]he Privacy Act "governs the government's collection and dissemination of information and maintenance of its records [and] generally allows individuals to gain access to government records on them and to request correction of inaccurate records." *Gowan v. United States Dep't of the Air Force*, 148 F.3d 1182, 1187 (10th Cir.1998). Under the Act, "[w]henever any agency ... fails to maintain any record concerning any individual ... the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection." 5 U.S.C. § 522a(g)(1)(C).

*Perry v. Bureau Of Prisons*, 371 F.3d 1304, 1304-05 (11th Cir. 2004); *see also id.* at 1305 (To state a claim under the Privacy Act, a plaintiff must allege: (1) that the government failed to fulfill its record keeping obligation; (2) which failure proximately caused the adverse determination; (3) that the agency failed intentionally or willfully to maintain the records; and (4) that the plaintiff suffered actual damages);

---

[4] *See, e.g., In re Pharmatrak, Inc.*, 329 F.3d 9, 18 (1st Cir. 2003) (plaintiffs must show five elements to make an interception claim under the Electronic Communications Privacy Act: that a defendant (1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication (5) using a device).

4

*accord Fanin v. U.S. Dep't of Veterans Affairs*, 572 F.3d 868, 872 (11th Cir. 2009). If that is the Privacy Act provision under which Wilkerson seeks to sue, her case comes nothing close to meeting those requirements.

Worse, this matter joins another recent Wilkerson lawsuit nominally mentioning the Privacy Act but in substance having nothing to do with it. *See supra* n. 1. As the Court did there, it now warns Wilkerson not to "make a federal case" out of every commercial spat or disagreement, incident, etc., that irks her. It is simply unacceptable to invoke the power of this Court to sue someone merely by opening up a Federal Code volume and willy-nilly picking a statute on which to peg jurisdiction. Future frivolous lawsuits will be met with judicial relief aimed at protecting a precious public resource: The federal court system. Staff time and storage space are necessarily consumed by frivolous lawsuits like this. The appropriate deterrence sanction will be employed next time; Wilkerson is hereby forewarned.

In the meantime, the Court should **DISMISS** plaintiff's Complaint **WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this  7th  day of October, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**